## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JEFFREY T. McCORMICK, individually
and as class representative,

        Plaintiff,

vs**.**

REMINGTON ARMS COMPANY, LLC
and SPORTING GOODS PROPERTIES,
INC.

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No.  CIV-12-0215-R


## DEFENDANTS' REPLY BRIEF IN SUPPORT OF
## MOTION TO DISMISS COMPLAINT

Robert H. Alexander, Jr., OBA No. 197
John J. Love, OBA No. 5536
Robert W. Ivy, OBA No. 20909
      --of the firm--
**The Law Office of**
**Robert H. Alexander, Jr., p.c.**
First National Center
  120 North Robinson, 24th Floor
  Oklahoma City, OK 73102
  (405) 232-0803
  (405) 232-0519 – Facsimile


**ATTORNEYS FOR DEFENDANTS
REMINGTON ARMS COMPANY, INC. AND
SPORTING GOODS PROPERTIES, INC.**

Plaintiff's efforts to bypass this Court's rulings in *Cherry et al. v. Remington Arms Co., et. al*, No. 09-cv-01242-R still fall short of stating a claim for relief. Plaintiff has suffered no injury or damages, and the statute of limitations has long-since expired. Plaintiff's Complaint should be dismissed with prejudice.

## I.    Neither Delaware Nor Oklahoma Law Supports Plaintiff's Implied Warranty Claim.

To recover on an implied warranty claim, Plaintiff must plead and prove that "(1) a merchant sold the goods, (2) which were defective at the time of sale, (3) causing injury to the consumer, (4) the proximate cause of which was the defective nature of the goods, and (5) that the seller received notice of the injury." *Smith v. DaimlerChrysler Corp.*, No. Civ.A 94C-12-002JEB, 2002 WL 31814534, at *4 (Del. Super. Ct. Nov. 20, 2002); *see* 6 Del. C. § 2-314; 12A Okla. Stat. § 2-314. Plaintiff remains unable to satisfy these standards.

### A.    *Plaintiff has suffered no loss.*

Despite Plaintiff's conclusory allegations, it is clear that Plaintiff has not sustained a compensable loss.

As discussed at length in Defendants' prior papers, the majority national rule in economic loss claims requires the product to have actually malfunctioned in the manner alleged in order to state a claim, or even to establish standing under Article III. *See* Remington Arms Company's Mot. to Dismiss ("Def. Br.") at 10-11 n.5, 6. Although Plaintiff's claims may be dismissed on Article III standing grounds, *see id*. at 11 n.6, this

Court need not even address these topics in order to find that Plaintiff cannot demonstrate loss as a result of the alleged defect.

As the Eighth Circuit found in *O'Neil v. Simplicity*, the requirement of manifestation has been widely adopted:

> It is well established that the purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own. The O'Neils allege that the defendants' cribs are defective because the drop-side can separate from the crib frame. They do not allege, however that such a separation has ever occurred in their crib. This omission is fatal to their case.

574 F.3d 501, 503 (8th Cir. 2009) (internal citation and quotation marks omitted); *see also* Def. Br. at 9-13; *but see* Pl.'s Objection to Mot. to Dismiss ("Obj.") at 8 n.6 (claiming *O'Neil* "did not require a manifestation of the alleged defect").

Defendants have shown that manifestation of a defect is required to establish loss under both Oklahoma and Delaware law. While Plaintiff concedes this requirement as to Oklahoma, Obj. at 8 n.6, he refuses to acknowledge that Delaware has adopted the same position. As noted in Defendants' opening brief, where plaintiffs' products "continue to properly operate," there simply is no injury under Delaware law. *Dalton v. Ford Motor Co.*, No. CIV.A. 00C-09-155WCC, 2002 WL 338081, at *5 (Del. Super. Ct., Feb. 28, 2002). While the claim at issue in *Dalton* was negligence, the court expressly found itself "persuaded by the reasoning and authority found in *Briehl*," in which "plaintiffs asserted similar breach of express and implied warranty, fraudulent concealment, and consumer protection claims." *Id.* at *5 (citing *Briehl v. Gen. Motors Corp.*, 172 F.3d 623

(8th Cir. 1999)).  Delaware courts have spoken to precisely the situation Mr. McCormick

brings before this Court, rejecting claims alleging only unmanifested defects.

After chiding Defendants for relying on cases that "are not applicable to

McCormick's claim governed by Delaware law," Obj. at 8, Mr. McCormick proceeds to

rely on cases which, in addition to being decided under the laws of jurisdictions other

than Delaware or Oklahoma, do not support his claim.[1]

In *Zurn Pex Plumbing Liability Litigation*, for example, the court specifically

cited to *O'Neil* for the proposition that "[i]n asserting a warranty claim, it 'is not enough'

for a plaintiff 'to allege that a product line contains a defect or that a product is at risk for

manifesting this defect; rather, the plaintiffs must allege that their product actually

exhibited the alleged defect."  644 F.3d 604, 616 (8th Cir. 2011) (citing *O'Neil*, 574 F.3d

at 503).[2]  Indeed, in many of the other cases that Mr. McCormick cites, the alleged

defects had already manifested.  *See Quality Air Servs. LLC v. Milwaukee Valve Co.*, 671

F. Supp. 2d 36 (D.D.C. 2009) (several of the valves purchased from defendant actually

---

[1]  Plaintiff's citation to *Lloyd v. General Motors Corporation* holds little water as
(a) *Lloyd* was not decided under Oklahoma or Delaware law, (b) it is an outlier that
goes against the grain of the vast majority of jurisdictions, and (c) it relies on a
different standard.  916 A.2d 257, 292 (Md. Ct. App. 2007).  Further, the *Lloyd*
plaintiffs actually replaced their allegedly faulty seatbacks. *Id.* at 265.  As addressed
in Section I.B, Plaintiff here has made no similar allegations that he actually sustained
loss or incurred any actual damages.  He only conclusorily asserts that he *may* be
entitled to cost of repair, Obj. at 12-13, but he has not alleged that he has undertaken
any expense to either repaired or replace the allegedly defective gun.

[2]  In *Zurn Pex Plumbing Liability Litigation*, a split decision, both the majority and
dissent opinions recognize that Minnesota warranty law requires a showing of actual
damage through manifestation of a defect.  644 F.3d 604, 616-17, 620-21 (8th Cir.
2011).

failed); *Cartwright v. Viking Indus., Inc.*, No. 2:07-CV-02159-FCD-EFB, 2009 WL
2982887 (E.D. Cal. Sept. 14, 2009) (plaintiffs alleged that defect in their windows
created water damage in their homes); *Episcopal Church Home of W.N.Y. v. Bulb Man,
Inc.*, 710 N.Y.S. 2d 503 (N.Y. App. Div. 2000) (15% of fixtures that plaintiff purchased
from defendant had failed when industry standard for failure was 10%).[3]

Although Plaintiff argues that the court allowed the *Zurn* plaintiffs to proceed
because "the homeowners alleged a current harm because they alleged the brass fittings
contained a defect upon installation," Obj. at 9, Plaintiff ignores the central fact that
every homeowner in *Zurn* alleged *not* that their products had the *potential* to leak but
rather that *they had experienced* stress corrosion cracking ("SCC"), and therefore the
defect was "already manifest in all systems."  644 F.3d at 617.  The inevitability of
external damage prompted the court to uphold the plaintiffs' warranty claim.  *Id.* ("As
[plaintiffs] have put it, SCC 'is already manifest in all systems.'  They supported this
contention with expert testimony.").  Plaintiff here offers no basis for the court to find
that an alleged defect is likely to manifest, let alone that it is inevitable for external
damage to occur.  In fact, Plaintiff does not know whether his own rifle has
malfunctioned, and his conclusory statements that the Walker fire control "*permits* the
rifle to fire without a trigger pull," and "is *subject to* firing without a trigger pull at any

---

[3]    Although Plaintiff cites this New York case for the proposition that manifestation is
   not required in a warranty claim, New York follows the majority rule in requiring
   manifestation.  *See Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595, 602
   (S.D.N.Y. 1982) (dismissing class action where tires did not manifest defect); *Frank
   v. DaimlerChrysler Corp.*, 292 A.D.2d 118, 128 (N.Y. App. Div. 2002) (dismissing
   warranty and other claims de to "plaintiffs' failure to plead any actual injury").
   Indeed, it was among the first jurisdictions to adopt the principle.

time" in no way adequately plead that the rifles will inevitably fire without a trigger pull and cause damage.  *See* Compl. ¶¶ 10, 11 (emphasis added).

The conclusory statement that "[i]t is substantially likely that each Model 700 will fire at some time without a trigger pull," Compl. ¶ 11, is not entitled to the presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  Nowhere does Plaintiff provide facts that would push an allegation that the alleged defect is substantially certain to manifest across the line from possible to plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

The fact remains that the majority of jurisdictions, including Delaware and Oklahoma, require manifestation, and manifestation is simply absent here.

**B.**      ***Plaintiff's alleged damages are simply too speculative to support a claim.***

Plaintiff's allegations of damages also fall short.  Plaintiff insists he "may be entitled" to cost of repair, Obj. at 12-13, but has nowhere alleged either that he has sought to or plans to repair his rifles.  Plaintiff merely recites the fact that loss in value and cost of repair are available under the Delaware U.C.C.  6 Del. C. § 2-314.  However, abstract claims for cost of repair damages are entirely speculative and are not permitted.  *See* Def. Br. at 13-15.  As a Delaware court has held, "the judicial system is not required to entertain actions where plaintiffs have not suffered any damages."  *Dalton*, 2002 WL 338081, at *5 (finding that, lacking actual injury, "[p]laintiffs were forced to turn to the imaginative and creative abilities of their counsel to create an alleged 'diminution of value'" argument for damages); *see Briehl*, 172 F.3d at 629*; Harrison v. Leviton Mfg.*

*Co.*, No. 05-CV-0491-CVE-FHM, 2006 WL 2990524, at *6 (N.D. Okla. Oct. 19, 2006) (dismissing claim under Oklahoma law where plaintiff could not show damages because he could not "affirmatively state that he has suffered an injury"); 23 Okla. Stat. §§ 3-5 (to recover damages, plaintiff must show he has "suffered a detriment," where a "detriment" is defined as a "loss or harm," and future damages are only compensable if they are "certain to result in the future").

  **C.**  ***Plaintiff has not provided reasonable notice of the injury.***

 Delaware law and Oklahoma law require that a plaintiff provide notice of injury. *See Smith*, 2002 WL 31814534, at *4; 6 Del. C. § 2-607(3)(a); 12A Okla. Stat. § 2-607(3)(a). The "point of notice is to allow the seller to minimize damages by possibly correcting the defect as well as to protect the seller against stale or baseless warranty claims," *In the Matter of L.B. Trucking, Inc.*, 163 B.R. 709, 722 (Bankr. D. Del. 1994), and notice must be given within a "reasonable time" to allow accomplishment of those goals, *see* 6 Del. C. § 3-607 cmt 4; 12A Okla. Stat. § 2-607 cmt 4.

 "Notice" in the form of a complaint is simply not notice. Defendants were not provided the opportunity to minimize damages and were not protected against stale or baseless claims, as this action amply demonstrates. Although neither Delaware nor Oklahoma has settled this issue, the majority of jurisdictions hold that pre-suit notice is required.[4] *See* 4 Anderson U.C.C. § 2-607:41 (3d. ed. 2011) ("Except when a consumer

---

[4] The Oklahoma Supreme Court has not ruled on this issue. However, in an unpublished decision, one Oklahoma federal district court left it to the jury to determine if the filing of a lawsuit constituted "reasonable" notice under § 2-607. *Buzadzhi v. Bexco Enters, Inc.*, No. 10-CV-247-GKF-PJC, 2011 WL 43086, at *2

sues for personal injuries, most courts hold that the commencement of a lawsuit does not satisfy the notice requirement of UCC § 2-607."); *see also Whitesell Corp. v. Whirlpool Corp.*, No. 05-CV-679, 2009 WL 3327243 (W.D. Mich. Oct. 13, 2009) ("[A]llowing the filing of the complaint to constitute notice would render [the statute] virtually meaningless."); *Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1285 (M.D. Ala. 2001) ("in the context of economic harm rather than personal injury, the filing of a lawsuit is not considered to be sufficient notice"); *Bd. of Ed. of City of Chicago v. A C & S Inc.*, 546 N.E.2d 580 (Ill. 1989) (same); *but see Shooshanian v. Wagner*, 672 P.2d 455, 462 (Alaska 1983) ("The majority of courts do not allow the filing of a complaint to serve as notice.  We disagree . . . .").[5]

Plaintiff has not alleged that any pre-suit notice was provided, whether to Defendant or to his retail seller.  Accordingly, Mr. McCormick's breach of implied warranty claim fails to state a cause of action.  *See* Def. Br. at 15.

## II.    The Fraudulent Concealment Doctrine Does Not Save Plaintiff's Time-Barred Claim.

*First*, while acknowledging that he bears the burden to plead and prove fraudulent concealment, Obj. at 15, Mr. McCormick ignores the requirement that he do so under the heightened pleading requirements of Rule 9(b).  *See King & King Enters. v. Champlin Petro. Co.*, 446 F. Supp. 906, 911 (E.D. Okla. 1978) ("[T]he party alleging fraudulent

---

(N.D. Okla. Jan. 4, 2011) (Frizzell, J.).  Arguably, whether the filing of a lawsuit constitutes notice under the statute is a question of law that should not have been left for the jury.

[5]    In *Zurn*, the putative class was limited to purchasers who had provided notice by "contact[ing] Zurn or its representatives about their Zurn Pex plumbing system." 644 F.3d at 610.

concealment must plead the circumstances giving rise to it with particularity."). He attempts to justify his admitted lack of detail by arguing that, while his counsel "already possess Remington's documents which prove fraudulent concealment," Mr. McCormick can provide not a single detail of those actions due to protective orders entered into in different cases. Obj. at 3-4. But this excuse does not make his pleadings sufficient. If indeed Plaintiff has such evidence, he is required to present it, not just promise to share it sometime after he survives a motion to dismiss, as it is "not . . . proper to assume that [a plaintiff] can prove facts that [he] has not alleged." *Assoc'd Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). His failure to plead any of the facts and specifics of such concealment is telling.[6]

*Second*, as Plaintiff recognizes, "the mere failure to disclose that a cause of action exists is not sufficient to prevent the running of the statute of limitations. There must be something more; some *actual artifice* to prevent knowledge of the facts; some *affirmative act of concealment or some misrepresentation* . . . ." Obj. at 16 (citing *Lewis v. Wal-Mart Stores, Inc.*, 02-CV-0944 CVE-FHM, 2005 WL 3263377, at \*8 (N.D. Okla. Dec. 1, 2005). However, apart from a single conclusory statement, Compl. ¶ 14 ("Defendants affirmatively misled purchasers about the safety of the Model 700 and . . . actively concealed its improper and unintended operation and/or the defect") – a statement which would not meet the Rule 8 pleading requirements, much less the particularized Rule 9(b)

---

[6]  While not appended nor alleged here, the material proffered as evidence of concealment in *Cherry et al. v. Remington Arms Co., et. al*, No. 09-cv-01242-R still falls short of meeting the requirements to allege fraudulent concealment. Defs' Resp. to Motion for Class Cert. at 23-27, *Cherry, et al. v. Remington Arms Co., et. al*, No. 09-cv-01242-R (Dec. 22, 2011) (ECF 128).

requirements – Mr. McCormick has not alleged *any* affirmative act.  His factual allegations only go so far as to allege that Defendants "failed to fix the problem and failed to warn purchasers" despite case law that Plaintiff himself cited that requires something more than a "mere failure to disclose." *Lewis*, 2005 WL 3263377, at *8.

*Third*, the Complaint also contains no allegations about the timing of the purportedly fraudulent conduct.  Plaintiff claims he bought his rifle in 1992, Compl. ¶ 8; to equitably toll the statute of limitations, any fraudulent conduct would have to have taken place within the five-year period following that purchase.  Alleged concealment occurring after the limitations period would be irrelevant.

*Finally*, successful invocation of the fraudulent concealment doctrine also requires that the potential plaintiff did not know of "or by the exercise of due diligence could not have known that he might have a cause of action." Def. Br. at 17-18. Mr. McCormick has never given any indication that he in fact exercised such diligence, much less satisfied the particularized pleading requirement under Rule 9(b).

Statutes of limitations represent a "pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time." *United States. v. Kubrick*, 444 U.S. 111, 117 (1979).  Further, the "right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id*. (quoting *R.R. Tel'rs v. Ry. Express Agency*, 321 U.S. 342, 349 (1944)).  In this case, Plaintiff's implied warranty claims expired by the force of law over a decade ago.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff's Complaint fails to state a claim for breach of implied warranty under Delaware or Oklahoma law and should be dismissed with prejudice.

Respectfully submitted,

_Robert H. Alexander, Jr._

_____

Robert H. Alexander, Jr., OBA No. 197
John J. Love, OBA No. 5536
Robert W. Ivy, OBA No. 20909

--of the firm--

**The Law Office of**
**Robert H. Alexander, Jr., p.c.**
  First National Center
  120 North Robinson, 24th Floor
  Oklahoma City, OK 73102
    (405) 232-0803
    (405) 232-0519 – Fax
**ATTORNEYS FOR DEFENDANTS**
**REMINGTON ARMS COMPANY AND**
**SPORTING GOODS PROPERTIES, INC.**

## **CERTIFICATE OF SERVICE**

I certify that on June 8, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Robert H. Alexander, Jr.            alexattys@productlaw.com

John J. Love                        jjlove@productlaw.com

Steven J. Adams                     sadams@fellerssnider.com

Timothy W. Monsees                  tmonsees@mmmpalaw.com

Richard A. Ramler                   richardramler@aol.com


_____
Robert H. Alexander, Jr.