# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY T. McCORMICK, individually and as class representative ) ) ) Plaintiff, ) ) v. ) ) ) REMINGTON ARMS COMPANY, INC., and ) SPORTING GOODS PROPERTIES, INC., ) ) Defendants. ) | Case No. CIV-12-215-R |

## ORDER

This matter comes before the Court on the Motion to Dismiss, filed by Defendants Remington Arms Company, Inc. and Sporting Goods Properties, Inc. Plaintiff responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this action alleging that the Model 700 rifle he purchased in 1992 was defectively designed, specifically because it includes a Walker Fire Control, which is inherently defective, and that this defect breached the implied warranty of merchantability. Plaintiff does not allege that his Model 700 had ever fired without a trigger pull. Defendant seeks dismissal of Plaintiff's claims prior to certification, arguing that the Court should use Oklahoma law and dismiss this action. Alternatively Defendant contends that pursuant to Delaware law, that the action is subject to dismissal because Plaintiff has failed to allege sufficient facts to support the breach of any warranty or damages stemming from any alleged

breach. Defendant further contends Plaintiff was required to provide it with notice of the alleged breach, and that Plaintiff's claim is time barred, the statute of limitations having expired in 1997. Defendant further contends alleged fraudulent concealment by Defendant does not save this claim from being time-barred.

As noted, Defendant argues for the Court to use Oklahoma law in assessing the validity of Plaintiff's pleading pursuant to Federal Rule of Civil Procedure. Defendant acknowledges that if a class is certified that Delaware law would likely be applied, and thus argues that under either Oklahoma or Delaware law, Plaintiff has failed to state a claim. Plaintiff argues for application of Delaware law, and contends that regardless, he has sufficiently stated a claim. The Court refers the parties to its prior order in *Cherry v. Remington*, wherein it concluded that ignoring the putative nature of the class action would result in an absurdity, evaluating claims at this juncture under the law of Oklahoma when Oklahoma law would not be applied during subsequent stages of the proceedings.

To be successful on a breach of warranty of merchantability claim, a plaintiff must prove: "(1) that a merchant sold the goods; (2) which were defective at the time of sale; (3) causing injury to the ultimate consumer; (4) the proximate cause of which was the defective nature of the goods; and (5) that the seller received notice of the injury." *Reybold Group, Inc. v. Chemprove Technologies, Inc.*, 721 A.2d 1267, 1269 (Del.Supr. 1998)(quoting *DiIenno v. Libbey Glass Div., Owens-Illinois, Inc.*, 668 F.Supp. 373, 377 (D.Del. 1987)). Having reviewed Plaintiff's allegations under Delaware law, the Court finds that Plaintiff, having not alleged that his Model 700 fired without a trigger pull, has failed to allege a manifestation

of a defect, which the undersigned concludes Delaware courts would require to permit pursuit of a claim for breach of the implied warranty of merchantability.

The Court predicts Delaware courts would align themselves with the majority position with regard to manifestation of the defect as a prerequisite for suit on a breach of implied warranty. In *Dalton v. Ford Motor Co.*, 2002 WL 338081 (Del.Supr. Feb. 28, 2002), the court concluded the plaintiffs' breach of warranty claims related to the alleged defect in their automobiles were time barred. The court concluded that the plaintiffs had not sufficiently alleged negligence claims, because "[t]o successfully bring a negligence cause of action, one of a plaintiff's minimum obligations, is to establish that they have been harmed in some manner by a defendant's negligent conduct." *Id.* at *5.

Citing to *Briehl v. General Motors Corp.*, 172 F.3d 623 (8th Cir. 1999), the court noted that the plaintiffs' vehicles had operated properly, there were no personal injuries or property damage, and allegations of diminished value were speculative, because none of the plaintiffs had sold their vehicle. "To place this issue in a legal context, the Court must decide whether the Plaintiffs, who have not sustained any personal injuries, and have not suffered any out of pocket expenses, can recover 'damages' to fix an alleged defective product which has never manifested. The Court finds the answer to this inquiry must be 'no.'" *Id.* at *5.

In *Briehl* the plaintiffs therein were owners of General Motors vehicles equipped with a certain anti-lock braking system. The district court dismissed the claims, concluding that the alleged defect must manifest itself in the plaintiff's vehicles before recovery could be had. *Id.* at 627. The court of appeals affirmed, concluding that no breach of warranty claims could

exist "[w]here, as in this case, a product performs satisfactorily and never exhibits and alleged defect, no cause of action lies." *Id.* at 628.

The Court's conclusion in this regard also finds support in *F.E. Myers v. Pipe Maintenance Serv., Inc.*, 599 F.Supp. 697 (D.C. Del. 1984), wherein the court noted the elements of a merchantability claim include "injury and damages to the claimant or his property." *Id.* at 703. Thus, the absence of an allegation regarding a misfire indicates to the Court that the gun Plaintiff purchased in 1992 has performed in a satisfactory manner for the past twenty years. Having failed to allege any unwarranted misfire, Plaintiff has failed to allege that the product delivered was not the same as the product warranted. This case is not the same as *In re Zurn Pex Plumbing Products Liability Litigation*, 644 F.3d 604 (8th Cir. 2011), relied upon by Plaintiff. In *Zurn*, the Eighth Circuit concluded that with regard to allegedly defective plumbing fixtures, that even plaintiffs whose fixtures had not yet begun to leak had standing to pursue a breach of express warranty claim.[1] The homeowners alleged the brass fittings were "doomed to leak" and that stress corrosion cracking began with exposure to water, eventually leaking and causing water damage. The court noted:

> In asserting a warranty claim, it "is not enough" for a plaintiff "to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiff must allege that their product actually exhibited the alleged defect." *O'Neil v Simplicity, Inc.*, 574 F.3d 501, 503 (8th Cir. 2009). In *O'Neil*, for example, crib owners failed to state cognizable warranty claims because they had not allege that their cribs actually exhibited a dangerous defect that might have harmed their children; a mere likelihood that a crib might develop a dangerous defect was not enough. *Id.* at 503-04.

---

[1] The PEX tubing at issue had been sold with a twenty-five year warranty.

*Id.* at 616. The court distinguished the "dry plaintiffs," those whose systems had not leaked from the crib owners in *O'Neil*, concluding that although the brass fitting must contain a defect, they need not have already caused external damage. "*O'Neil* never indicated that a child would have to be injured by a crib for a defect to be manifest." *Id.* at 617.

> The dry plaintiff claims are distinct from any brought by hypothetical "no injury plaintiffs," because the dry plaintiffs had alleged that their brass fittings exhibit a defect. In contrast to the plaintiffs in *O'Neil*, the homeowners do not argue that the fittings merely "risk" developing [stress corrosion cracking]. They allege that [stress corrosion cracking] afflicts all the fittings upon use, regardless of water conditions or installation practices. As they have put it, [stress corrosion cracking] is already manifest in all systems."

*Id.*

This case aligns more closely with *O'Neil* than with *Zurn*. In this case, the Plaintiff's allege the presence of a defect, but not a defect that is manifest but invisible. Although the alleged offending part has been incorporated into Plaintiff's Model 700, and the remaining Model 700 rifles at issue, incorporation of an allegedly defective part is not manifestation of a defect. As a result, the Court concludes Plaintiff has failed to state a claim for breach of implied warranty under Delaware law.

For the reasons set forth herein, Defendants' motion to dismiss is granted.

IT IS SO ORDERED this 4th day of September, 2012.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE