## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| **(1) JEFFREY T. McCORMICK, Individually** )<br>**and as Class Representative,** )<br>  )<br>           **Plaintiff,** )<br>  )<br>**v.** )<br>  )<br>**(2) REMINGTON ARMS COMPANY, INC.** )<br>**and** )<br>**(3) SPORTING GOODS PROPERTIES, INC.,** )<br>  )<br>           **Defendants.** ) | **Case No. 12-CV-00215-R** |

### PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff, Jeffrey T. McCormick, individually ("McCormick"), respectfully moves

the Court to modify its September 4, 2012 Order [Doc No. 20] and to alter or amend the

Judgment entered September 4, 2012 [Doc. No. 21] pursuant to Fed. R. Civ. P. 59(e).

### RELIEF REQUESTED

McCormick requests the Court:  1) Modify its Order [Doc. No. 20]; 2)  Vacate,

alter or amend its Judgment [Doc. No. 21] to allow Plaintiff to file an Amended

Complaint.

In support of its Motion, McCormick incorporates by reference the arguments and

authorities stated in the previously filed:  1) *Defendant Remington Arms Company's*

*Motion to Dismiss Combined With Memorandum of Law in Support of its Motion to*

*Dismiss* [Doc. No. 14]; *Plaintiff's Objection to Defendant Remington Arms Company's*

*Motion to Dismiss* [Doc. No. 16]; and *Defendants' Reply Brief in Support of Motion to*

*Dismiss Complaint* [Doc. No. 19].  In this Motion McCormick does not seek to regargue

the positions previously presented to the Court.  McCormick does seek the right to file an
Amended Complaint.

## ARGUMENT AND AUTHORITY

McCormick claims present, significant, consumer safety issues for all purchasers
and owners of Rifles which contain the Walker fire control.  Because Rifles which
contain the Walker fire control may fire before the trigger is pulled, serious injury or
death can result from the Walker fire control defect.  Under a breach of warranty theory,
the breach of the implied warranty occurs at the time of sale to the Rifle owner.
Similarly, and particularly in this case in which personal safety is jeopardized by the
Walker fire control, manifestation of the defect (the Walker fire control) occurs at the
time of sale.  The Uniform Commercial Code provisions for implied warranties of
merchantability will  not be served if Rifle owners must wait for their Rifles to fire
without a trigger pull before their claim accrues.

Rifles which fire unexpectedly may kill or injure.  Thus claims based on implied
warranties for bolt action high-powered Rifles are different from claims arising from:
sales of baby cribs (*O'Neil v. Simplicity, Inc.,* 574 F.3d 501 (8th Cir. 2009); "wet or dry"
plumbing defects (*In re Zurn Pex Plumbing Products Liability Litigation,* 664 F.3d 604
(8th Cir. 2011); or car parts (*Briehl v. General Motors Corp.*, 172 F.3d 623 (8th Cir. 1999).

In asking this Court to modify its Order [Doc. No. 20] and to vacate, alter or
amend its Judgment [Doc. No. 21], McCormick understands the challenge facing the
Court:  to follow existing implied warranty law and apply it to a uniquely dangerous

2

product.  McCormick's allegations are not just the Rifles may fail to operate properly because of the Walker fire control.  McCormick has attempted to allege in his Complaint [Doc. No. 1] the Walker fire control contained in every Rifle is defective and thus each Rifle breaches the implied warranty of merchantability.  McCormick submits for the Court's consideration, that *Zurn,* 664 F.3d 604 provides authority to conclude the allegedly defective part is the manifestation of defect.

This Court is aware of its authority to dismiss a case with or without leave to amend.  *Glenn v. First National Bank in Grand Junction,* 868 F.2d 368 (10th Cir. 1989); *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119 (10th Cir. 1994).  As the Court in *Brever* stated:

> "Ideally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."  6 C. Wright & A. Miller, *Federal Practice & Procedure,* §1483, at 587 (2d ed. 1990); *see also United States v. McGee,* 993 F.2d 184, 187 (9th Cir. 1993).

## CONCLUSION

The Court's Order [Doc. No. 20] and Judgment [Doc. No. 21] dismiss McCormick's case and renders judgment without leave to amend.  McCormick moves the Court to modify its Order and vacate, alter or amend its Judgment to allow McCormick to file an Amended Complaint.

3

18290_v1

Respectfully submitted,


By:   */s/Steven J. Adams*_____
       Steven J. Adams, OBA No. 142 /
         Idaho Bar No. 7935
       Fellers, Snider, Blankenship,
         Bailey & Tippens, P.C.
       The Kennedy Building
       321 South Boston Ave., Suite 800
       Tulsa, Oklahoma 74103-3318
       Telephone:  (918) 925-5835
       Facsimile:  (918) 583-9659
       sadams@fellerssnider.com

       and

       Max C. Tuepker, OBA No. 9117
       **MAX C. TUEPKER, PC**
       1322 N. Walker Avenue
       Oklahoma City, OK  73103
       Telephone:  (405) 235-1700
       Facsimile:  (405) 235-1714
       mtuepker@tuepker.com

       and

       Timothy W. Monsees, MO No. 31004
       **MONSEES, MILLER, MAYER,**
         **PRESLEY & AMICK**
       A Professional Corporation
       4717 Grand Avenue, Suite 820
       Kansas City, MO  64112
       Telephone:  (816) 361-5550
       Facsimile :  (816) 361-5577
       tmonsees@MMMPALAW.COM

4

and

Richard A. Ramler, MT No. 2256
**RAMLER LAW OFFICE**
202 West Madison Avenue
Belgrade, Montana 59714
Telephone: (406) 388-0150
Facsimile : (406) 388-6842
RichardRamler@aol.com
**ATTORNEYS FOR PLAINTIFF**

18290_v1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the <u>2nd</u> day of October, 2012, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Dale G. Willis  -  <u>dwills@smbtrials.com</u>
Robert H. Alexander, Jr.  -  <u>alexattys@productlaw.com</u>
John J. Love  -  <u>jjl@productlaw.com</u>
Robert W. Ivy  -  <u>rwi@productlaw.com</u>

*/s/Steven J. Adams*_____

6

18290_v1