IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY T. McCORMICK, individually and as class representative, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. CIV-12-0215-R |
| REMINGTON ARMS COMPANY, LLC and SPORTING GOODS PROPERTIES, INC. | ) ) ) ) ) |
| Defendants. | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff has filed a Motion to Alter or Amend Judgment (Doc. 22). This Response in opposition to Plaintiff's motion is submitted by Defendants Remington Arms Company, Inc. and Sporting Goods Properties, Inc. Plaintiff's motion offers nothing new to justify revisiting this Court's Order of Dismissal and Judgment; accordingly, the motion should be denied.

### BACKGROUND

On September 4, 2012, the Court entered its Order dismissing Plaintiff's Complaint. (Doc. 20).[1] In dismissing Plaintiff's claim, the Court found that, under applicable law, a claim for breach of warranty can not be asserted where

---

[1] Plaintiff McCormick had also previously attempted to join in the duplicative putative class-action pending before this Court in *Cherry et al. v. Remington Arms Co., et. al*, No 09-cv-01242-R. In that case, the Court rejected McCormick's joinder efforts as untimely. The present lawsuit was clearly an attempt by McCormick to bypass the Court's order in *Cherry*.

1

there has been no alleged manifestation of the alleged defect. Since Plaintiff's rifle never allegedly manifested a defect, he has no actionable breach of warranty claim against Defendants. (Doc. 20 at 2-4, citing *Dalton V. Ford Motor Co.*, 2002 WL 338081 (Del. Supr. Feb. 28, 2002) and *F.E. Myers v. Pipe Maintenance Serv., Inc.*, 599 F.Supp. 697 (D.C. Del. 1984)).

In its Order, the Court also analyzed several cases which had upheld the fundamental breach of warranty requirement of manifestation of the alleged defect, *Briehl v. General Motors Corporation*, 172 F.3d 623 (8th Cir. 1999), and *O'Neil v. Simplicity, Inc*, 574 F.3d 501 (8th Cir. 2009), as well as a case wherein certain claims were allowed to proceed, *In re Zurn Pex Plumbing Products Liability Litigation*, 644 F.3d 604 (8th Cir. 2011). This Court aptly concluded that the present case "aligns more closely with *O'Neil* than *Zurn*." (Doc. 20 at 5). Accordingly, Judgment in favor of the Defendants was entered by the Court. (Doc. 21).

## STANDARD FOR MOTIONS TO ALTER OR AMEND

Motions to alter or amend a Judgment are permitted under Fed.R.Civ.P. 59(e). Plaintiff's motion to alter is silent as to the applicable standard. Nonetheless, is has been well established that granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." 11 Wright, Miller et al., *Federal Practice and Procedure* § 2810.1.

The Tenth Circuit has long recognized that the circumstances under which such extraordinary relief should be granted are limited. "A Rule 59(e) motion to

2

alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence.'" *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)); *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Simply stated, if an argument or claim could have been presented—or if it had in fact been presented—to the Court prior to entry of Judgment, alteration or amendment of the Judgment is not proper. "Rule 59(e) cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." *Steele v. Young*, 11 F.3d 1518, 1520, n.1 (10th Cir. 1993).

These standards applicable to Rule 59(e) motions have been recognized by other Circuit Courts. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), *cert denied*, 543 U.S. 976 (2004). Furthermore, where plaintiff seeks reconsideration in order to file an amended complaint, but fails to attach the proposed pleading, denial of a motion to alter or amend is proper. *Harris v. City of Auburn*, 27 F.3d 1284, 1285 (7th Cir. 1994).

In *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999), the court identified three bases for such motions: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Under this standard, a motion to reconsider

under Rule 59 "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990).

Here, Plaintiff's motion does little more than generally refer the Court to the very arguments previously presented to and rejected by the Court (*see* Doc. 22 at 1); thus, Plaintiff has failed to show why reconsideration of the Court's Order dismissing his case is appropriate. At bottom, "[i]t is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995).

Plaintiff also asserts that the nature of the product at issue in this case—a rifle—should cause the Court to ignore altogether the legal requirement of manifestation of the alleged defect. (Doc. 22 at 2). According to Plaintiff, his claim is somehow different from claims involving other potentially dangerous products—allegedly defective vehicle braking systems (*Briehl*); allegedly deadly defect in baby cribs (*O'Neil*). Yet Plaintiff does not explain why such a distinction should be made, nor does he cite any authority for his position.

Finally, while Plaintiff asks for leave to permit him to file an amended complaint, he failed to attach his proposed pleading. Plaintiff's motion does not even reveal what additional factual allegations he might make in any such

4

amended complaint.  In sum, the motion falls well short of making a showing that Plaintiff is entitled to the extraordinary relief which he seeks.

## CONCLUSION

For all of the foregoing reasons, Defendants request that the Court deny Plaintiff's Motion to Alter or Amend Judgment.

Respectfully submitted,

*/s/ John J. Love*
Robert H. Alexander, Jr., OBA # 197
John J. Love, OBA # 5536

--of the firm--

**The Law Office of
Robert H. Alexander, Jr., p.c.**
  First National Center
  120 North Robinson, 24th Floor
  Oklahoma City, Oklahoma 73102
  (405) 232-0803
  (405) 232-0519 – fax

**ATTORNEYS FOR DEFENDANTS
REMINGTON ARMS COMPANY, INC.
AND SPORTING GOODS PROPERTIES,
INC.**

## CERTIFICATE OF SERVICE

      I certify that on October 23, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Robert H. Alexander, Jr.    alexattys@productlaw.com
Steven J. Adams    sadams@fellerssnider.com
Timothy W. Monsees    tmonsees@mmmpalaw.com
Richard A. Ramler    richardramler@aol.com
Max C. Tuepker    mtuepker@tuepker.com

                */s/ John J. Love*
                John J. Love