IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JEFFREY T. McCORMICK, individually and** | ) | |
| **as class representative** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  CIV-12-215-R** |
| | ) | |
| | ) | |
| **REMINGTON ARMS COMPANY, INC., and** | ) | |
| **SPORTING GOODS PROPERTIES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Alter or Amend the Judgment entered September 4, 2012 [Doc. No. 21] and to modify the Court's Order of that same date [Doc. No. 20].  Doc. No. 22.  The Motion is brought pursuant to Rule 59(e), F. R. Civ. P., and because it was filed within twenty-eight days of the Order and Judgment, is timely and properly considered under Rule 59(e), F. R. Civ. P.  Plaintiff seeks modification of the Order and Judgment in question to permit Plaintiff to amend his Complaint.  Plaintiff reurges that the Walker fire control in every rifle is defective, that that part is itself a manifestation of defect and that the sale of each rifle breaches the implied warranty of merchantability, citing *In re Zura Pex Plumbing Products Liab. Litig.,* 644 F.3d 604 (8th Cir. 2011).

"Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Devon Energy Production Co., L.P. v.*

*Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2000). Reconsideration is "an extraordinary remedy which should be used sparingly." 11 C.A. Wright, A. R. Miller & M. K. Kane, *Federal Practice and Procedure*, § 2810.1 at 124 (1995). And a Rule 59(e) motion cannot be used to raise new issues which could have been raised before issuance of the judgment. *Steel v. Young*, 11 F.3d 1518, 1520 n. 1 (10th Cir. 1993). *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)(Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories or arguments that could have been offered or raised before the entry of judgment."). Furthermore, where a plaintiff seeks reconsideration in order to file an amended complaint but fails to attach a copy of the proposed amended complaint, denial of a motion to alter or amend is proper. *See Harris v. City of Auburn*, 27 F.3d 1284, 1285 & 1287 (7th Cir. 1994).

The Plaintiff herein has not shown or even attempted to show that one of the grounds warranting relief under Rule 59(e) exists. The Court previously considered the argument Plaintiff makes in support of this motion and the *In re Zura Pex Plumbing* case, *supra*, in determining wether there had been a manifestation of the alleged defect in Plaintiff's Model 700 rifle, distinguishing the *In re Zura Pex Plumbing* case. *See* Order of September 4, 2012 [Doc. No. 20] at pp. 3-5. Thus it appears that Plaintiff merely wants to rehash arguments already made. Plaintiff cites no new controlling authority and does not even assert that the Court committed clear error or that reconsideration is needed to prevent manifest injustice. Finally, Plaintiff has not submitted a proposed amended complaint or even explained what new or additional allegations Plaintiff proposed to include in an amended complaint that

could alter the result reached in the Court's Order of September 4, 2012 and would not render amendment futile.

For the foregoing reasons, Plaintiff's Motion to Alter or Amend the September 4, 2012 Order and Judgment [Doc. No. 22] is DENIED.

IT IS SO ORDERED this 30th day of October, 2012.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE